UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NELSON R. AYBAR,** | ) | **CASE NO. 4:08CV407** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **ROSANN RUBOSKY,** *et al.*, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Plaintiff's Motion to Alter or Amend the Court's Order on June 2, 2008, in Order to Recharacterizes [sic] the Writ of Mandamus as a Petition for Injunction Seeking for Preventive Relief Pursuant to Fed. R. Civ. P. Rule 59(e).  (Dkt. # 10).

Plaintiff filed the Complaint in the instant action on February 5, 2008, seeking a writ of mandamus ordering Defendant prison officials to permit him to store all of his legal documents in his cell.  (Dkt. # 1).  The Court dismissed the instant action pursuant to 28 U.S.C. § 1915(e), finding that the action failed to state a claim on which relief may be granted.  (Dkt. # 8).  Plaintiff filed the instant Motion on June 9, 2008.  (Dkt. # 10).

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be granted only in a narrow set of circumstances.  A Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence."  <u>Sault Ste. Marie Tribe of Chippewa Indians v. Engler</u>, 146 F.3d

1

367, 374 (6th Cir. 1998) (quoting <u>FDIC v. World Univ., Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992)).  Plaintiff has failed to make a proper showing to justify relief under Rule 59(e) on either ground.

Therefore, Plaintiff's Motion to Alter or Amend the Court's Order on June 2, 2008, in Order to Recharacterizes [sic] the Writ of Mandamus as a Petition for Injunction Seeking for Preventive Relief Pursuant to Fed. R. Civ. P. Rule 59(e) is hereby **DENIED**. (Dkt. # 10).

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – July 9, 2008**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**